UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRANCES HURYSZ,

                Plaintiff,

                                            **Hon. Hugh B. Scott**

          v.

                                            **17CV1145**

                                            **CONSENT**

COMMISSIONER,

                                            **Order**

                Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 14 (plaintiff), 17 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 7 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits. The parties consented to proceed before a Magistrate Judge (Docket No. 10).

## PROCEDURAL BACKGROUND

The plaintiff ("Frances Hurysz" or "plaintiff") filed an application for disability insurance benefits on November 18, 2011, for disability benefits and August 21, 2015, for SSI benefits [R. 10]. That application was denied initially. The plaintiff initially appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written

decision dated July 24, 2013, that the plaintiff was not disabled within the meaning of the Social Security Act.

The Appeals Council then remanded on March 4, 2015 [R. 247]. There, the Appeals Council found that the former ALJ's decision contained "an inadequate evaluation of the opinion evidence of record," because there was no evaluation of plaintiff's long-term chiropractor, Dr. John Nowak, and his assessment of February 3, 2011, that she was limited to less than full-time work [R. 248, 541]. The Appeals Council also faulted that decision for not evaluating the findings of state agency examiners as to plaintiff's psychological impairments [R. 248]. Although claiming to give significant weight to treating source opinions of Dr. Cameron Huckell and examining source opinion of Dr. Melvin Brothman, the Appeals Council held that the ALJ did not explain his reasoning for rejecting Dr. Huckell's sedentary work opinion or Dr. Brothman's opinion that plaintiff would require breaks from standing [R. 249]. Upon remand, the ALJ was to consider further treating and non-treating source opinions, further evaluate plaintiff's mental impairment, consider her maximum residual functional capacity, and obtain evidence from a vocational expert [R. 249].

A new ALJ conducted another hearing on September 2, 2015 [R. 10], and obtained expert testimony from a vocational expert [R. 20, 21]. This ALJ rendered a decision on January 5, 2016, again concluding that plaintiff was not disabled [R. 6]. This ALJ's decision became the final decision of the Commissioner on September 14, 2017, when the Appeals Council denied plaintiff's request for review [R. 1].

Plaintiff commenced this action on November 8, 2017 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 14, 17), and plaintiff did not reply (see

2

Docket No. 18). Upon consideration of moving papers, this Court determined that the motions could be decided on the papers and without oral argument.

## FACTUAL BACKGROUND

Plaintiff, a 43-year-old as of the onset date with a high school education, last worked as a bill collector and a fast food manager. The ALJ later accepted the testimony of a vocational expert that opined that a claimant like plaintiff could not perform these jobs. [R. 20.] Plaintiff contends that she was disabled as of the onset date of March 10, 2011. Plaintiff claims the following impairments deemed to be severe by the ALJ: chronic back pain with MRI evidence of a small herniated disc at L5-S1 and degenerative changes at L3-4, obesity, depressive disorder and anxiety disorder. [R. 12.]

## MEDICAL AND VOCATIONAL EVIDENCE

On remand, the ALJ found plaintiff's impairments did not meet Listing 1.04 for disorders of the spine [R. 13-14]. The ALJ also found that plaintiff's mental impairments did not meet Listings 12.04 and 12.06, concluding that the "Paragraph B" criteria and "Paragraph C" criteria for these listings were not met [R. 14].

The ALJ then concluded that plaintiff had a residual functional capacity to perform sedentary work, except plaintiff can sit for eight hours with only normal work breaks and meal periods; she could stand and walk on occasional basis up to two hours in eight-hour workday, can lift and carry up to 10 pounds occasionally; plaintiff cannot stoop, crouch, kneel or climb stairs on more than an occasional basis; plaintiff should not work in excessively cold work environments; claimant is limited to simple repetitive and routine tasks with low contact work environments with the general public and coworkers [R. 15]. With this capacity and plaintiff

not being able to perform the full range of sedentary work due to additional limitations, the vocational expert opined that a claimant like plaintiff was deemed able to perform such occupations as envelope addresser and stuffer (both sedentary exertion level work) [R. 21]. As a result, the ALJ held plaintiff was not disabled [R. 21-22].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to

obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

I.  Consideration of Chiropractor's Opinion

At issue here is whether the ALJ had substantial evidence to support the decision denying disability coverage. At Step Four of the five-step analysis, plaintiff contends that the ALJ failed to follow the mandate from the Appeals Council on remand to evaluate opinion of Dr. Nowak, specifically the doctor's August 21, 2015, opinion [R. 1602-05]. Dr. Nowak in 2015 found that plaintiff could sit for 45 minutes at any one time, stand for 10 minutes for any time, and he can sit and stand for two hours during an eight-hour workday [R. 1603], while occasionally lifting 10 pounds and but never stooping or climbing ladders, and rarely twisting, crouching/squatting, or climbing stairs [R. 1604]. Plaintiff argues that this opinion (while only cited by the ALJ [R. 17]) differs from Dr. Nowak's 2011 opinion [R. 541-42] that the ALJ discussed extensively ([R. 17]; Docket No. 14, Pl. Memo. at 23). In 2011, Dr. Nowak found that plaintiff could sit for a half hour and could not stand or walk during a workday [R. 541, 17]. Dr. Nowak also found that plaintiff could occasionally lift and carry 5 pounds and could occasionally bend, squat,

6

crawl, and reach, and needed to lie down for pain relief for 4 hours of an 8-hour workday [R. 541, 542, 17].

Defendant Commissioner responds that the ALJ properly evaluated treating, examining, and other medical opinions (including Dr. Nowak's) in this case (Docket No. 17, Def. Memo. at 14). Specifically, defendant points out that the ALJ did discuss Dr. Nowak's 2015 opinion, perhaps not to the extent which plaintiff argues should have occurred (id. at 16, 17). Defendant contend that the ALJ reasonably rejected Dr. Nowak's "extreme limitations as inconsistent with the evidence of record, the opinion of Plaintiff's treating physician, the findings of only partial disability, and Dr. Nowak's own treatment notes" (id. at 16, 17; [R. 1187-1245, 1549-89 (Dr. Nowak's treatment notes)]). Since Dr. Nowak was not a treating source, his opinion need not be afforded controlling weight (id. at 16-17; [R. 17]).

Plaintiff termed Dr. Nowak to be her long-term chiropractor (Docket No. 14, Pl. Memo. at 22; see also [R. 248]), but, under Social Security regulations, chiropractors are not deemed treating medical sources. Chiropractors are considered merely other medical sources, 20 C.F.R. §§ 404.1513(d), 416.913(d) (2016); see 65 Fed. Reg. 34,960, 34,957, 34,958 (June 1, 2000) (amendments to 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1) prior to amendments in 2017 to medical opinion) (cf. Docket No. 17, Def. Memo. at 16, 14 n.7, 15 n. 10). The treating physician rule and controlling weight to be given to those professionals (cf. Docket No. 14, Pl. Memo. at 24) do not apply to other medical providers. As an "other medical source," the ALJ may also use the chiropractor's findings as evidence to show the severity of plaintiff's impairment and how it affects her ability to work, see 65 Fed. Reg. at 34,957, 34,958.

The ALJ on remand in fact did evaluate Dr. Nowak's 2011 opinion, abiding by the Appeals Council's mandate, but the ALJ also cited Dr. Nowak's 2015 opinion [R. 17, 1602-05]. The ALJ then gave little weight to Dr. Nowak's opinions because they were inconsistent with the evidence of record [R. 17, 18, 544-47, 902, 904, 983] and the doctor's own findings in his own treatment notes [R. 17, 1549-88], despite citing another doctor's notes as Dr. Nowak's [R. 17, 1187]. Plaintiff has not shown that the medical record was consistent with Dr. Nowak's findings from either 2011 or 2015. Plaintiff is relying upon an "other medical source" which has a diminished value as a medical source opinion. Plaintiff's motion on this ground is **denied**.

II.     Plaintiff and Dealing with Stress

Plaintiff next argues that the ALJ did not properly evaluate her inability to deal with stress or make specific findings concerning her stress (Docket No. 14, Pl. Memo. at 26-29). Defendant responds that the ALJ did note plaintiff's post-traumatic stress disorder and chronic anxiety from a violent relationship but noted that five doctors have evaluated plaintiff and still found that she could work notwithstanding her chronic anxiety and post-traumatic stress disorder (Docket No. 17, Def. Memo. at 21). The ALJ expressly evaluated three of these five doctors, giving little weight to Drs. Thomas Ryan and Janine Ippolito, disagreeing with their findings on plaintiff's social withdrawal [R. 19]. The ALJ also gave some weight to the opinion of Dr. Echevarria finding that it was not consistent with the medical evidence in that plaintiff's anxiety and depression had a greater impact on plaintiff's ability to engage in activities of daily life [R. 19].

This Court has review the psychological and psychiatric evaluations of plaintiff in this record ([R. 520, 537, 916-21, 900, 1537]; see Docket No. 14, Pl. Memo. at 26-27; Docket

8

No. 17, Def. Memo. at 19-20). Each noted that plaintiff complained of a history of domestic violence. First, Dr. Renee Baskin in June 2009 found that plaintiff would have minimal to no limitations to follow and understand simple instructions, perform simple tasks independently, but would have moderate limitation in dealing with stress [R. 520]. On July 2009, Dr. D. Mangold reviewed Dr. Baskin's opinion and on plaintiff's moderate limitation in ability to deal with stress, noted plaintiff's mild limitations in activities of daily living, social functioning, and maintaining concentration, persistence, or pace [R. 539, 537]. Dr. Mangold concluded that, regarding plaintiff's mental health impairments, plaintiff maintained "the ability to engage in work-related tasks" [R. 539]. Plaintiff complains that the ALJ ignored Dr. Baskin's opinion (Docket No. 14, Pl. Memo. at 27). These opinions arose before the remand. On February 10, 2012, Dr. Ryan opined that plaintiff can follow simple directions, perform simple tasks, but had moderate limitation in the ability to relate adequately with others and to deal with stress [R. 900]. Dr. J. Echevarria on February 16, 2012, concluded that plaintiff could complete simple work in a low contact environment, despite her physical abuse in the past and nightmares about twice a month [R. 918]. On April 2015, Dr. Ippolito opined that plaintiff could deal with stress with moderate limitation but her psychiatric problems did "not appear to be significant enough to interfere with the claimant's ability to function on a daily basis" [R. 1537].

While the ALJ gave less weight to those considered opinions on their findings concerning socialization, these opinions all consistently note plaintiff's moderate limitation in dealing with stress but some doctors concluding that this issue was not significant enough to hinder her from working or other daily activities ([R. 1537]; see Docket No. 17, Def. Memo. at 21). Their other evaluations, that plaintiff could perform simple tasks with minimal contact with others, appear to

9

factor in her moderate limitation regarding handling stress. In discussing the three doctors' opinions, the ALJ did consider plaintiff's inability to deal with stress [R. 19] and, as noted by defendant (Docket No. 17, Def. Memo. at 22), incorporated that moderate limitation regarding stress into the residual functional capacity analysis (see [R. 15]) that plaintiff would be "limited to simple repetitive and routine tasks in a low contact work environments [sic] with the general public and coworkers" [R. 15]. Plaintiff's motion on this ground is also **denied**.

III.     Form of Remand

As a last matter, plaintiff stated in her motion is that the case should be remanded for calculation of benefits rather than remand for determination of facts (Docket No. 14, Pl. Memo. at 30). She, however, sought remand for reconsideration of her ability to deal with stress (id. at 29), which requires findings of facts toward eligibility rather than determination of benefits.

District Courts are authorized to affirm, reverse, or modify the Commissioner's decision "with or without remanding the case for a rehearing," 42 U.S.C. § 405(g). Remand for calculation of benefits is appropriate only in cases where the record "provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980); see also Butts v. Barnhart, 388 F.3d 377, 385-86 (2d Cir. 2004). Courts must avoid "contribut[ing] any further to the delay of the determination of [a claimant's] application by remanding for further administrative proceedings" when such an instruction would prove unnecessary, Diaz ex rel. E.G. v. Comm'r of Soc. Sec., No. 06CV530, 2008 WL 821978, at *8 (W.D.N.Y. Mar. 26, 2008) (Curtin, J.).

The discussion above denies plaintiff remand on the substance of her claims. Even if an issue remained for remand, plaintiff herself raises factual issues that would preclude remand to merely calculate benefits. Plaintiff's motion for remand for calculation of benefits is **denied**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 14) judgment on the pleadings is **DENIED**, and defendant's motion (Docket No. 17) for judgment on the pleadings is **GRANTED**. Thus, the decision of the defendant Commissioner is **affirmed**, pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
April 16, 2019